UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    vs.<br><br>RICKY FIGUEROA,<br><br>          Defendant. | Criminal No. <u>1:19-cr-40049-TSHs</u> |

## GOVERNMENT'S SENTENCING MEMORANDUM

On November 30, 2021, the defendant, Ricky Figueroa, pleaded guilty to Counts One and Eight of an eight count superseding indictment, which charged him with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, 280 grams or more of cocaine base, and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and conspiracy to distribute and to possess with intent to distribute 280 grams of cocaine base and 500 grams of cocaine, in violation of 21 U.S.C. § 846 (Count Eight).[1]

The Final Pre-Sentence Report ("PSR") prepared by the United States Probation Office ("Probation"), dated March 10, 2022, concluded that the defendant's advisory guideline sentencing range ("GSR") was 57-71 months, based on a Total Offense Level of 25 and a Criminal History Category of I.  PSR at ¶¶ 32-42, 49-50, and 92.  The government agrees with this calculation, however, as will be set forth below, the government recommends that the Court consider a downward variance from the guidelines to account for the disparity between the crack and powder cocaine guidelines.

### Downward Variance Recommendation

As the Court may be aware, on June 22, 2021, the Department of Justice provided

---

[1] Defendant Figueroa was not charged in Counts Two through Seven of the Superseding Indictment.

testimony to Congress in support of the EQUAL Act (H.R. 1693), which would eliminate the powder-to-crack disparity in Title 21 of the United States Code.  Although the EQUAL Act is still pending legislation, consistent with the law and current sentencing framework, in assessing the Section 3553(a) factors, the Court may consider whether a downward variance is warranted based on the powder-to-crack disparity.

In this case, if the Court were to calculate all of the cocaine attributable to the defendant as powder cocaine, the defendant's Base Offense Level would be 26 (at least 400 kilograms, but less than 700 kilograms of converted drug weight (USSG 2D1.1(c)(7), based on 2.6 kilograms of powder cocaine and 45 grams of fentanyl).  The defendant has satisfied the safety valve requirements, which entitles him to a two-level decrease pursuant to USSG §§ 2D1.1(b)(18) and 5C1.2.  PSR at ¶ 34.  The defendant promptly accepted responsibility for the offenses, resulting in an additional decrease of three levels pursuant to USSG §§ 3E.1.1(a) and 3E1.1(b).  PSR at ¶¶ 40-41.  Under this alternative calculation, the defendant's adjusted Total Offense Level would be 21, which would result in a GSR of 37-46 months.

## Section 3553(a) Considerations

For the reasons set forth in the PSR, the defendant's history and characteristics, and as will be addressed at the sentencing hearing, the government believes a sentence of 37 months (the low end of the adjusted guidelines range as calculated by the government) is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

The defendant is responsible for at least 1.2 kilograms of cocaine, 590 grams of cocaine base, and 45 grams of a fentanyl/heroin.  PSR at ¶ 13.  As part of the investigation, agents received authorization to intercept multiple telephones used by the drug trafficking organization ("DTO"),

including a telephone used by the defendant.  PSR at ¶ 10.  Those interceptions revealed that the defendant routinely supplied distributor quantities of cocaine to co-defendants Pedro and Anthony Baez for further distribution.  PSR at ¶¶ 13-25.  The interceptions also revealed that the defendant regularly supplied additional customers with street-level quantities of cocaine and—to a lesser extent—heroin/fentanyl.

Though the defendant was not at the top of the DTO, he was certainly a key player at the supplier level.  As such, it is inaccurate to equate his conduct and level of culpability with the street-level dealers charged in the case, such as co-defendants Shastaalena Blair and Valerie Lucier, who the Court sentenced to 18 months and time-served[2] respectively.  *See* Dkt. 521 (Blair Judgment) and Dkt. 546 (Lucier Judgment); *see also* Defendant's Sentencing Memorandum, Dkt. 558, at 8.  On the contrary, the defendant's role is more accurately compared to that of co-defendant Pablo Vidarte Hernandez, who the Court sentenced to a term of 81 months of prison.  *See* Dkt. 529 (Vidarte Hernandez Judgment).  Like Vidarte Hernandez, the defendant acted as a middleman to supply Pedro and Anthony Baez with distributor quantities of controlled substances.  As the Court is aware, Vidarte Hernandez was responsible for supplying over 4 kilograms of a fentanyl/heroin mixture over the course of the conspiracy.  In light of the type and amount of substances supplied by Vidarte Hernandez, compared with the type and amount of substances supplied by the defendant, a sentence of 37 months in prison would be appropriate and would avoid any unwarranted sentencing disparities.

## CONCLUSION

For the reasons set forth herein, as detailed in the PSR, as well as will be addressed at the sentencing hearing, the government believes that a sentence of 37 months, followed by three years

---

[2] Defendant Lucier successfully completed the RISE program, which was a significant factor in the government's recommendation of a time-served sentence.

of supervised release, is the minimum sentence sufficient, but not greater than necessary, to comply

with the purposes set forth in 18 U.S.C. § 3553.

DATED: March 11, 2022                     Respectfully submitted,

                                          RACHAEL S. ROLLINS
                                          United States Attorney

                              By:    */s/ Alathea E. Porter*
                                          Alathea E. Porter
                                          Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                          */s/ Alathea E. Porter*
                                          Alathea E. Porter
                                          Assistant U.S. Attorney